IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN F., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-25-112-STE |
| | ) |
| FRANK BISIGNANO, Commissioner of | ) |
| The Social Security Administration, | ) |
| | ) |
|     Defendant.[1] | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Frank Bisignano became the Commissioner of Social Security Administration on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-26). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date, May 1, 2021, through his date last insured, June 30, 2022. (TR. 19). At step two, the ALJ determined Plaintiff suffered the following "severe" impairments: status post stroke with residual deficits, diabetes mellitus, and hypertension. (TR. 20). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Plaintiff retained the residual functional capacity (RFC) to "perform the full range of light work as defined in 20 CFR 404.1567(b)." (TR. 21). With this RFC, the ALJ concluded, at step four, that Plaintiff was not disabled because he could perform the job demands of his past relevant work as a bingo worker. (TR. 25). Even so, the ALJ made alternative findings at step five. At step five, the burden

of proof shifts to the Commissioner "to show that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy, given h[is] age, education, and work experience." *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010) (alterations in original). One of the ways the Commissioner can meet this burden is through use of "the Grids." *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998). The Grids are matrices of the "four factors identified by Congress—physical ability, age, education, and work experience—and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Daniels*, 154 F.3d at 1132 (citing *Heckler v. Campbell,* 461 U.S. 458, 461–62 (1983)); *see also* Social Security Ruling 83-11, Titles II And XVI: Capability to Do Other Work--the Exertionally Based Medical-Vocational Rules Met, 1983 WL 31252 at (1983) (allowing application of the Grids when the claimant can perform all of the exertional demand at a given level of exertion, i.e.—a full range of "light" work). Here, given Plaintiff's RFC, the ALJ applied the Grids and concluded, at step five, that Plaintiff was not disabled, based on the application of Grid Rule 202.14. (TR. 25-26).

## III.   ISSUE PRESENTED

On appeal, Plaintiff alleges a lack of substantial evidence to support the step four finding that Plaintiff's job as a bingo worker qualified as "past relevant work." (ECF No. 10:8-13).

## IV.    STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.    THE COMMISSIONER'S DECISION IS AFFIRMED

As stated, Plaintiff challenges the ALJ's findings at step four which concluded that Plaintiff was not disabled based on his ability to return to his past relevant work as a bingo worker. (ECF No. 10:8-13). However, as pointed out by the Commissioner, success on the merits of this argument is legally foreclosed in the absence of a challenge to the ALJ's alternative findings at step five. *See* ECF No. 15:6, *citing Murrell v. Shalala*, 43 F.

3d 1388, 1390 (10th Cir. 1994) (stating: "Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed—regardless of the merit of his arguments relating to step four."). Previously, this Court found that a plaintiff's step four challenge was "unavailing" in light of alternative findings at step five, stating: "The *Murrell* court not only held that an alternative finding at step five was valid under Social Security regulations, but it also endorsed that practice, reasoning that 'the use of alternative dispositions generally benefits everyone[.]' " *Morgan v. Colvin*, 2013 WL 1742645, at *4 (W.D. Okla. Apr. 1, 2013). Plaintiff does not respond to the Commissioner's argument and does not otherwise challenge the findings at step five. As a result, the Court affirms the Commissioner's decision based on the step five findings.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on June 16, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE